# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 10, 2005

127601

JAMES AZZAR,
   Plaintiff-Appellee,

v

PETER R. TOLLEY and TOLLEY,
VANDENBOSCH, KOROLEWICZ &
BRENGLE, P.C.,
   Defendants-Appellants.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 127601
COA: 249879
Kent CC: 01-008069-CH

   On order of the Court, the application for leave to appeal the November 2, 2004 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

   MARKMAN, J., dissents and states as follows:

   Defendant served as general counsel to plaintiff's various companies for many years, assisting with business and personnel matters, and other nonlegal matters. In 1994, defendant proposed the purchase of a 225-acre parcel of land for $312,000. The plan was that defendant would retain 80 acres as the site of his new home, and the other 145 acres would be developed. Plaintiff loaned defendant $98,000, and the deal was commenced. The deal was not otherwise documented. In 1997, defendant conveyed the entire parcel, including defendant's house now built on the land, to his wife in a divorce settlement. Defendant only repaid $11,000 of the loan to plaintiff, and in 1999, plaintiff discharged defendant.

   In 2001, plaintiff sued defendant under theories of breach of contract, promissory estoppel, unjust enrichment, and legal malpractice. The trial court granted summary disposition to plaintiff on all the claims except the legal malpractice claim, on which the court granted summary disposition to defendant.

   The Court of Appeals reversed the dismissal of the malpractice claim, concluding that the statutory period of limitations had not begun to run until the longstanding relationship between attorney and client ceased. Therefore, the malpractice

claim, which was filed within two years of the termination of the relationship, was timely.

However, MCL 600.5838(1) provides:

> [A] claim based on the malpractice of a person who is, or holds himself or herself out to be, a member of a state licensed profession accrues at the time that person discontinues serving the plaintiff in a professional or pseudo-professional capacity *as to* the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim.  [Emphasis added.]

Therefore, contrary to the Court of Appeals determination, the limitations period began to run, not when defendant discontinued serving plaintiff as to *any* matter, but only when defendant discontinued serving plaintiff "as to" the matters out of which the claim for malpractice arose.  Although defendant continued to perform various legal and nonlegal tasks for plaintiff until 1999, the loan transaction/land purchase was the "matter[] out of which the claim for malpractice arose . . . ."   Therefore, the two-year limitations period began to run, at the latest, in 1997, when the property was conveyed to defendant's wife.  Because plaintiff did not file a complaint until 2001, his malpractice claim is time-barred.  Therefore, I would reverse the judgment of the Court of Appeals and reinstate the trial court's order granting summary disposition to defendant.



I,  Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 10, 2005

*Corbin R. Davis*
Clerk